GEO. H. HITE ET AL. *v.* ELIJAH HISE.

[Abstract Kentucky Law Reporter, Vol. 6—363.]

**Statute of Frauds.**

A contract for the sale of real estate is void when not in writing or when no written memorandum thereof is made because within the statute of frauds, but where a party is not seeking to enforce it as a plaintiff but is only as a defendant sheltering under it, it is not void for use as a defense.

**Evidence to Establish Contract Between Relatives.**

To establish an oral contract as to land between father and son whereby the son secures his father's land when the father is in debt so as to defeat his creditors, the evidence should be clear and convincing that the contract was for value and in good faith.

APPEAL FROM LOUISVILLE CHANCERY COURT.

November 29, 1884.

OPINION BY JUDGE HOLT:

The appellee, Elijah Hise, on October 14, 1881, sued out an attachment upon a return of nulla bona upon an execution in his favor against Joseph H. Hite, and had it levied upon the life estate of his debtor as tenant by the curtesy in about 170 acres of land, that had belonged to Emeline Hite, who was the wife of Joseph H. Hite, and who died on May 25, 1881.

Prior to the issual of the attachment and on May 5, 1879, the appellee had brought this suit in the nature of a bill of discovery against said Joseph H. Hite and his three sons, Lewis, George and Joseph Hite, Jr., alleging that the three last named defendants were indebted to their father or had property in their possession belonging to him. The answer put all this in issue, and subsequently the attachment was sued out in the same action.

The appellant, George Hite, by an amended answer claimed to own the life estate by reason of an alleged verbal contract between him and his father, made on December 6, 1878, and which it is claimed was shortly thereafter verbally ratified by his mother. In his testimony he also claims it under the will of his mother, which was written on March 7, 1881.

It is denied, however, that the land was her separate estate, and there is no testimony tending to so show or that she had any power to devise it.

Hence the question turns upon the alleged contract of December 6, 1878, and its validity if made.

The appellant, George Hite, alleges that by the contract his father transferred to him all his interest in the land, both present and prospective, except his homestead right, in consideration that he (George) would support the father and mother during life and their four minor children until they severally became of age. It is not alleged that the mother transferred her interest during her life in the event she out-lived her husband, but only that she consented to the alleged contract that had been made with the husband; and the testimony upon the part of the appellant is confused as to what she in fact did agree to, save that she ratified the alleged contract that had been made with the father.

There is some conflict in the testimony as to the date of the removal of George Hite, who was a single man and without family, to the land. He says it was on January 8, 1879, and that it was then his mother ratified the contract. In any event they were all living upon the place at the institution of this action.

There can be no question but what the father had the legal right to sell to his son his entire interest, both present and prospective, in the land. It is said, however, that the alleged contract was void because it was not in writing and was not to be performed within a year and was therefore within the statute of frauds. The appellant, George Hite, is not, however, seeking to enforce it as a plaintiff, but is only as a defendant sheltering under it; and our statute only interdicts the enforcement of such a contract. It is not void for use as a defense, although the remedy to enforce its specific performance or to charge any one by reason of it has been withdrawn by the statute.

Neither was it necessary, if indeed it were possible, to establish it first as against Joseph Hite or to assert it by way of a set-off or counter-claim. Such an assertion of it would have been an effort affirmatively to charge another upon a verbal contract relating to the sale of an interest in real estate.

The fact that the appellee's suit was pending prior to the death of Mrs. Hite did not create any lien in his favor upon the husband's life estate; and the vital question to be determined is whether the testimony satisfactorily establishes the contract as asserted by the appellants.

It does not appear upon what ground the Chancellor based his judgment for the appellee, but in view of what we regard as the law of the case he must have considered that the contract was not sustained by sufficient evidence, and if so, then this question of fact has been passed upon by the lower court and decided adversely to the appellants.

In the consideration of this question the fact that a contract of so much importance to the appellant, George Hite, and relating to land was not reduced to writing is suggestive; no satisfactory reason for this is given.

The making of the alleged contract occurred under peculiar circumstances. The father and son met accidentally upon a street corner in the City of Louisville and there it is said it was made on

December 6, 1878. There was ample time to reduce it to writing before the time when it is said the mother ratified it; and it is not shown that anything prevented it being done.

The will of the mother, which was not made until March 7, 1881, fails to recognize the existence of the contract. In fact it very strongly implies its non-existence.

The father and son have both testified. The former says that by the contract he reserved his homestead and that he expects to have his life estate in the land when his youngest child becomes of age; while the son testifies that nothing was said at the time as to the homestead. Moreover, the father stated in a deposition given by him on March 11, 1880, that the place belonged to his wife and that he supported himself, and said nothing as to the son owning any interest in it. His version of the alleged contract as detailed in a subsequent deposition is "The agreement was that he (George) was to take the place, and support the family and make what he could out of it." Naturally the parties would not think it as necessary to put such an agreement in writing as one transferring the title to an interest in the land.

The place was assessed to Mrs. Hite in 1879, 1880 and 1881; and in 1882 as a part of her estate; while George Hite listed no interest whatever in any real estate.

The father says that his wife ratified the alleged contract in December, 1878; while the son says it was on January 8, 1879.

The officer who levied the attachment states in his return that he delivered a copy of it to the appellant, George Hite, as the occupant and tenant of the land; and he testifies that his statement was made upon what said George told him when he made the levy.

It is needless to review all the testimony in the case. To establish a contract like the one in question between relatives, and against a meritorious creditor, the evidence should be clear, consistent and convincing; and should result in proof of it; and in our opinion this record does not exhibit such a state of case.

It is not shown what improvements, if any, the appellant, George Hite, has made upon the premises, or their value; and his claim in argument to be reimbursed, if well founded, can not be considered.

By a cross appeal the appellee questions the right of the appellant, Joseph Hite, to a homestead in the land in contest upon the ground that the appellee's debt was created before the improvements were

made upon the property; but it is not shown when the debt was created and the improvements made; and the judgment below is *affirmed* upon both the original and cross appeal.

*Russell & Helm, Mix & Rogers, for appellants.*

*Chenault & Colston, for appellee.*